United States District Court
Southern District of Texas

**ENTERED**

March 20, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVER ORTEGA TINOCO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-1312 |
| | § | |
| KRISTI NOEM, et al., | § | |
| | § | |
| Respondents. | § | |

**ORDER**

On February 18, 2026, Ever Ortega Tinoco ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1]  On February 20, 2026, the court entered an order (Docket Entry No. 4) stating:

> Unless Petitioner can distinguish her case from the decisions of this court cited above within 10 days from the entry of this order, the court will deny Petitioner's Petition for Writ Habeas Corpus (Docket Entry No. 1) and will dismiss this action.

Petitioner filed a response arguing that she is not bound by the Fifth Circuit's decision in <u>Buenrostro-Mendez v. Bondi,</u> 166 F.4th 494 (5th Cir. 2026), because she has never conceded that she

---

[1]Petition for Writ of Habeas Corpus, Docket Entry No. 1.

-1-

is an applicant for admission within the meaning of § 1225(a)(1).[2] Petitioner also argues that despite the Fifth Circuit's decision in Buenrostro-Mendez, the court should enforce the Central District of California's holding in Bautista v. Santacruz, Case No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), because it was decided after Buenrostro-Mendez.[3]

However, the Fifth Circuit has held that § 1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest.  Buenrostro-Mendez, 166 F.4th at 498, 508.  The Fifth Circuit's analysis and holding applies in this case. Moreover, the court declines to enforce the Central District of California's holding in Bautista.  The fact that the Central District of California issued another opinion after the Fifth Circuit decided Buenrostro-Mendez does not change the fact that this court is bound by its holding, which the court finds very persuasive.

Because Petitioner has failed to distinguish her case from the decisions of this court, Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED,** and a final judgment will be entered dismissing the action with prejudice.

The clerk will provide a copy of this order and the Final

---

[2]Response to Order to Distinguish, Docket Entry No. 5, pp. 2-3.

[3]Id.

Judgment to counsel for the Petitioner and to the United States Attorney.

**SIGNED** at Houston, Texas, on this 20th day of March, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE